UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                          No. 8:17-cr-170-T-17AAS

JABAR ALI REFAIE

_____/

**ORDER REVOKING DEFENDANT'S BAIL AND VACATING
PREVIOUS ORDERS SETTING CONDITIONS OF RELEASE**

Pursuant to a memorandum from the United States Pretrial Services, dated September 9, 2019 ("Memorandum") (Doc. 224), defendant Jabar Ali Refaie ("Defendant") is alleged to have violated the conditions of his pretrial release. Specifically, Defendant is alleged to have committed the state crime of battery (domestic violence) in violation of the standard conditions of release. (*Id.*). On September 9, 2019, Defendant appeared before the Court and was advised of the alleged violations. Defendant, through his counsel, denied the allegations. The Court granted the Government's unopposed motion to continue the hearing until September 11, 2019.

On September 11, 2019, Defendant appeared before the Court with his attorney. To establish probable cause that Defendant committed the alleged crime, the Government called three witnesses to testify and entered Government's Exhibit 1 into evidence (Doc. 140). Nurse Julie Coates testified that Defendant's ex-wife ("Victim") reported to St. Joseph's Hospital Riverview at around 4:30 pm on September 5, 2019. Victim told Nurse Coates that, at around 1:30 am earlier that day, Defendant physically assaulted her, including slamming her head against a door. Victim was able to get away from Defendant

and locked herself in a bedroom until morning. Nurse Coates further testified that she observed bruises on Victim's arms and chin. Victim also told Nurse Coates that Defendant broke her hand three years earlier. Finally, Victim expressed to Nurse Coates that she was afraid of Defendant. Defendant's counsel cross-examined Nurse Coates.

Next, Investigator Clark testified that she investigated the incident the next day, September 6, 2019. Victim disclosed to Investigator Clark that Defendant had slammed her into a door frame. Investigator Clark further testified that she observed bruises on Victim's arms and cheek. Defendant's counsel was given an opportunity to cross-examine Investigator Clark.

Finally, Detective Hobelmann testified that he arrested Defendant on September 6, 2019. Detective Hobelmann attempted to interview Victim, but she refused to say how she got the injuries. Detective Hobelmann took six photographs of Victim, which were admitted into evidence as part of Government's Exhibit 1. The pictures corroborated Nurse Coates and Investigator Clark's testimony regarding the injuries to Victim. Detective Hoberlmann also testified that Defendant was wearing a bullet proof vest at the time of his arrest. Defendant's counsel cross-examined the witness.

Based on Government's Exhibit 1 and the testimony received, the Court found probable cause to believe that Defendant committed the crime as alleged in the Memorandum. As a result, the United States moved to revoke bond based on the rebuttable presumption of detention and the danger Defendant poses to Victim. *See* 18 U.S.C. § 3148. Defendant moved to modify the conditions of release to include a no contact order with Victim, a change of residence, and GPS monitoring. The Court found,

based on the factors set forth in 18 U.S.C. § 3142(g), that there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of Victim. Accordingly, it is hereby

ORDERED:

1. Defendant's oral motion to modify the conditions of pretrial release is denied;
2. Government's oral motion for revocation of the Defendant's bond is granted;
3. The previous orders setting conditions of release (Docs 17, 52, 66, 91, 93, 107, 111, 119) are vacated; and
4. Defendant is remanded to the custody of the Attorney General (or his representative) for confinement pending sentencing. Defendant's custodian must give him a reasonable opportunity to privately consult with his counsel. Upon court order or a request from the United States Attorney, Defendant's custodian must deliver him to the United States Marshal for appearance at a court proceeding.

**Ordered** in Tampa, Florida, on September 11, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE